# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| APPLE OF HIS EYE, INC., ) <br> STEVE COHEN, in his individual ) <br> capacity, and ALAN ) <br> BUTTERWORTH, in his ) <br> individual capacity, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, MISSOURI, ) <br> a political subdivision ) <br> of the state of Missouri, ) <br> ) <br> Defendant. ) <br> _____) | **Case No.: 4:08-cv-00592-HEA** |

## ORDER GRANTING STIPULATION FOR ENTRY OF ORDER TO CONVERT PRELIMINARY INJUNCTION INTO PERMANENT INJUNCTION

THIS MATTER came before the Court upon the parties' agreement to the entry of a Stipulated Permanent Injunction. Plaintiffs and Defendant submitted the proposed Stipulation for Entry of Order to Convert Preliminary Injunction into Permanent Injunction on June 10, 2009. Noting the agreement of Defendants and having received no objections, this Court is prepared to enter the Stipulated Permanent Injunction.

The Court, having reviewed the Stipulation for Entry of Order to Convert Preliminary Injunction into Permanent Injunction, and noting the Defendant has not submitted any objections, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** the Stipulation for Entry of Order to Convert Preliminary Injunction into Permanent Injunction is **GRANTED** as follows:

1. The findings of fact and conclusions set forth in this Court's June 24, 2008, Preliminary Injunction (DE # 18) are hereby adopted and incorporated into this Permanent Injunction.

2. The following terms and conditions shall apply to this Permanent Injunction:

   a. Regarding § 22.16.100, R.C.St.L. (1994), Defendant's Board of Aldermen enacted a new ordinance on May 22, 2009, repealing § 22.16.100, R.C.St.L. (1994). Defendants are enjoined from re-enacting any total ban on the distribution of any advertisement, circular or handbill in or adjoining any public park, place or square.

   b. Defendant, its officers, agents, employees, representatives and all persons acting in concert, or participating with them, are hereby ordered to instruct the law enforcement officers who will be present in and/or near future PrideFest events of the terms of this Order, and to instruct them as to the implementation of the terms of this Order.

   c. Defendant, its officers, agents, employees, representatives and all persons acting in concert, or participating with them, are hereby ordered to meet with the PrideFest organizers prior to the event for the purpose of informing the organizers of the terms of this Order, and to instruct said organizers that Plaintiffs' distribution of religious literature and/or expression of religious beliefs in said Park, in and of themselves, do not constitute a basis for law enforcement authorities to take actions that would restrict Plaintiffs' activities.

d. Defendant retains the right to enforce ordinances and provisions of its City Code which are content-neutral reasonable time, place and manner restrictions, in its public parks, places or squares, including the following:

A provision which governs handbill distribution in or upon a vehicle, § 11.18.180, R.C.St.L. (1994);

A provision which prohibits a person from "participat[ing] or conduct[ing] an exhibition or demonstration... on any street or abutting premises ... in consequence of which there is such a gathering of persons or stopping of vehicles as to impede either pedestrians or vehicular traffic," § 17.16.270, R.C.St.L. (1994);

A provision which provides for a curfew in City parks between the hours of 10:00 p.m. and 6:00 a.m., § 22.18.010, R.C.St.L. (1994).

e. Defendant, its officers, agents, employees, representatives and all persons acting in concert, or participating with them, are hereby permanently restrained and enjoined from enforcing that portion of § 11.18.170 which requires the distributor of handbills to be responsible for the proper disposal of discarded handbills or samples within a one hundred foot radius of the distribution.

Dated this 11th day of June, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE